**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RODNEY HAITH,
      Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
      Agency.

DOCKET NUMBER
NY-0752-13-0239-X-1

DATE: January 16, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John P. Varachi, Esquire, White Plains, New York, for the appellant.

William Davis, Montrose, New York, for the appellant.

Jack P. Di Teodoro, Esquire, Brooklyn, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      This compliance proceeding was initiated by the appellant's October 21, 2013, petition for enforcement of the settlement agreement. On December 11,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

2013, the administrative judge issued an initial decision recommending that the Board find the agency in partial compliance with the final decision, and the agency's noncompliance was referred to the Board for consideration.[2] *See* MSPB Docket No. NY-0752-13-0239-C-1, Compliance File (CF), Tab 13, Initial Decision (ID).  After fully considering the filings in this appeal, and based on the following points and authorities, we find the agency in compliance with the settlement agreement.  We DISMISS the appellant's petition for enforcement, based on our finding the agency in compliance.  5 C.F.R. § 1201.114(e), (g).

¶2      In the December 11, 2013 compliance initial decision, the administrative judge ordered the agency to take the following actions to be in compliance with the settlement agreement:  (1) inform the Office of Personnel Management (OPM) in writing that the appellant's separation for medical disability was not the result of a resignation from his position; and (2) provide the appellant, his attorney, and the Board with a copy of the information that it forwarded to OPM.  ID at 6.  On January 15, 2014, the agency submitted a letter to the Board claiming that it informed OPM that the appellant's separation for medical disability was not the result of a resignation.  MSPB Docket No. NY-0752-13-0239-X-1, Compliance Referral File (CRF), Tab 1 at 1-4.  The agency's submission included a copy of the information purportedly sent to OPM.  *Id.* at 3-4.  However, the agency's letter did not include any evidence showing that the agency actually provided this information to OPM. *Id.* On November 4, 2014, the agency supplemented its submission with unrebutted evidence that it had, in fact, provided the required information to OPM on January 13, 2014, as claimed.  CRF, Tab 5 at 3-5.  Accordingly, we find that the agency is now in full compliance with the terms of the settlement agreement.

---

[2] The appellant filed a petition for review of the portion of the initial decision finding the agency in compliance with the decision.  CF, Tab 1.  On July 29, 2014, we affirmed the initial decision in a separate Final Order.  *Haith v. Department of Veterans Affairs*, MSPB Docket No. NY-0752-13-0329-C-1, Final Order (July 29, 2014).

¶3    With respect to the appellant's request for monetary sanctions, we DENY the request.  The Board's sanction authority is limited to the sanctions necessary to obtain compliance with a Board order.  *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 8 (2010) (stating that the Board's ability to award sanctions is a means to enforce compliance and once compliance has been demonstrated it would be inappropriate to impose sanctions).  Here, because the agency did comply with the settlement agreement, we are without authority to impose sanctions in this matter.

¶4    Nevertheless, even if the Board did have authority to issue sanctions in this matter, such an action would be inappropriate under the circumstances.  The appellant seeks monetary sanctions due to the agency's prior noncompliance causing a delay in the adjudication of his disability retirement with OPM, but such monetary sanctions are unnecessary.  In the event that OPM grants the appellant's disability retirement application, his disability annuity will commence "on the day after the [appellant] separates or the day after pay ceases and the employee meets the requirements for title to an annuity."  *See* 5 C.F.R. § 844.301.  Accordingly, if his application is granted, his annuity will include any retroactive pay he is entitled to and will eliminate any loss of funds stemming from the agency's actions.

¶5    Therefore, the Board finds that the agency is in compliance and DISMISSES the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(b) (5 C.F.R. § 1201.183(b)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.